**MICHAEL R. MOSCA, ESQ.**
A Professional Corporation
NJ Attorney Id.# 031911988
6810 Ventnor Avenue
Ventnor City, New Jersey 08406
(609) 822-3377
Attorney for Bradari Altman

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADARI P. ALTMAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>STOCKTON UNIVERSITY<br><br>　　　Defendant. | Civil Action No. _____<br><br>**Verified Complaint for Declaratory**<br><br>**and Injunctive Relief** |

Plaintiff Bradari P. Altman, by its undersigned counsel, complaining of defendant Stockton University, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　Plaintiff, Bradari P. Altman ("Brad") is a student at Stockton University who resides at 15 Gilbert Lane, Ocean City, NJ 08226

2.　Defendant, Stockton University ("Stockton") is a public undergraduate and graduate university of the arts, sciences and professional studies organized under the New Jersey State system of higher education with its principal campus located at 101 Vera King Farris Dr. Galloway, New Jersey.

3.　Jurisdiction over this matter is based upon 28 U.S.C. § 1331.

4.　This Court has personal jurisdiction over Stockton because it conducts business in this District and the events giving rise to the within claims occurred in this District.

{00071002.1}

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) &(2) inasmuch as a substantial part of the events giving rise to the claim occurred within this District.

## BACKGROUND

6. Stockton, through its Chief Officer for Institutional Diversity and Equity, informed Brad more than one year ago that another student, Ms. Daniels, had filed a Title IX complaint against him alleging three potential violations: 4d-Sexual Misconduct; 3b-Harassment; and 2a -- Disruptive Behavior.

7. About one year ago, Stockton's Title IX Coordinator conducted an investigation into this matter. The investigation concluded with a recommendation that the allegations merited nothing more than mediation, and dismissal if Ms. Daniels refused to proceed with mediation.

8. Ms. Daniels refused to proceed with mediation, and the investigation seemingly concluded in line with the investigator's dismissal recommendation.

9. Now, out of the blue a year later, Stockton attempted to revive the charges and convened a "hearing" on this matter, where: (1) the complaining party was not present, because she did not wish to proceed; (2) no other persons were present to testify; (3) the "evidence" was to be limited to two hearsay summaries of alleged witness oral statements, and the hearsay log of the complaining party; (4) Stockton would not make available the full investigatory file, including any exculpatory evidence; and (5) Brad's counsel would have no meaningful role, and would not be entitled to argue or to cross-examine any witnesses, even though Stockton intended to proceed using the hearsay declarations only.

10. Brad and his counsel objected and filed a motion to dismiss. Stockton refused to respond to the motion, other than claiming that its rules did not allow it. Stockton now demands that Brad attend another hearing, with the same "rules" and "evidence" as set forth in (9) above.

11. Brad faces a major penalty if convicted before a Campus Hearing Board, including suspension or expulsion.

## FACTUAL ALLEGATIONS

12. Brad currently is a student at Stockton University majoring in Economics; he carries a 3.96 G.P.A., and begins his Senior year in the fall semester of 2019.

13. Stockton is a public undergraduate and graduate university of the arts, sciences and professional studies, organized under the New Jersey State system of higher education. Its principal campus is 101 Vera King Farris Dr. Galloway, New Jersey, and it has a satellite campus in Atlantic City. Plaintiff is a student at Stockton's main campus.

14. Brad commenced his Freshman year in the fall of 2017 and in two years has accumulated 105 credit hours and anticipates graduating from Stockton Spring 2020.

15. In late January of 2018, Rabbi Meir Rappaport invited Brad to attend a Shabbat dinner on January 19, 2018, at the Chabad house (Jewish center) -- Gail Rosenthal, Director of Holocaust Resource Center at Stockton, had provided Brad's information to the Rabbi.

16. The Chabad consists mainly of Stockton students, and has an organizational body that includes various officer positions.

17. During socializing and dinner, Brad spoke to David Vaknin, the President of Chabad, who was a sophomore at Stockton.

18. David and the Rabbi encouraged Brad to get involved at the Chabad and at the following week's Shabbat dinner, David suggested that Brad run for the office of Vice-President.

19. Brad decided to become more involved, and attempted to learn as much as he could about the Chabad.

20. During the February 2, 2018 Shabbat dinner, the then Vice-President, Marissa Daniels, a senior at Stockton, was introduced to Brad, and they were seated next to each other during at dinner where they conversed about the various duties and responsibilities of the office Vice-President.

21. Unbeknownst to Brad, Ms. Daniels would later allege to officials at Stockton that Brad had allegedly intruded upon her space and made her feel uncomfortable.

22. These occasions included one where Brad served as a designated driver, when Ms. Daniels and others were in no condition to drive; and another where Brad was shooting basketballs at the gym.

23. To Brad's shock and surprise, **Amy L. Rozell** aka Amy L. Jones, Director of Student Rights and Responsibilities, Division of Student Affairs, based upon an ex parte application, issued a cease and desist order dated March 5, 2018, barring him from any contact with Ms. Daniels.

24. The order was delivered by email to Brad's student portal. In a letter dated April 11, 2018, Dr. Valerie Hayes, Esq., Stockton's Chief Officer for Institutional Diversity and Equity, informed Brad that Ms. Daniels had filed a Title IX complaint alleging three potential violations: 4d-Sexual Misconduct; 3b-Harassment; and 2a-Disruptive Behavior.

25. In the complaint, Ms. Daniels alleged the incidents took place between February 16, 2018 and March 2, 2018 at Chabad house and at various locations on campus.

26. Alan Zellner, Deputy Chief Officer for Institutional Diversity and Equity, and Title IX Coordinator, was appointed to conduct the inquiry into Ms. Daniels allegations.

27. During his testimony before Mr. Zellner, Brad denied the allegations, and pointed out that Ms. Daniels' complaint relied mainly upon the statements of two other female students (both of whom were also were running for elected positions at the Chabad).

28. Brad also testified that the Rabbi, based upon the order, had barred him from attending Shabbat dinners. Brad withdrew his candidacy at Chabad, and the women who made statements against him were elected to officer positions there.

29. Mr. Zellner, upon the completion of the inquiry, stated that his recommendation was for mediation and noted that Ms. Daniels would have to agree to attend voluntarily, as he had no authority to order her to this type of resolution procedure.

30. Mr. Zellner further indicated that his office received a call from Ms. Daniels, and he understood that she did not want to proceed further indicating that if no mediation took place, his recommendation would be to dismiss, based upon his fact-finding and the absence of a complaining witness. Stockton took no further action, and Brad thought the matter concluded, based on Mr. Zellner's statements.

31. Out of the blue, in a letter dated March 8, 2019 (a little more than one year following the delivery of the original cease and desist order), Ms. Rozell stated that Stockton's Office for Institutional Diversity and Equity had filed charges against Brad with the Campus Hearing Board

32. The letter indicated four charges: 4d-Sexual Misconduct; 3b-Harassment; 3C-Hostile Environment; and 5E-Off Campus Behaviors.

33. Ms. Rozell conducted a Pre-Hearing interview. Brad, along with Dr. Brian Altman (Brad's father), and Brad's counsel argued that Mr. Zellner had already adjudicated the matter.

34. Ms. Rozell confirmed that the alleged victim (Ms. Daniels) had refused to go forward, and that the Police Department was made aware of the allegations at the time they occurred (and refused to investigate).

35. Ms. Rozell further stated that Mr. Zellner's recommendations were not binding on the Office of Student Rights and Responsibilities; that her office was the final determining body as to whether charges are preferred; and that her office had decided to move forward with the charges, even absent the cooperation of the complainant or the availability of alleged witnesses.

36. Ms. Rozell explained that discovery would be limited, and that Brad was not entitled to the full investigation -- he would be supplied only with statements of witnesses, if any, who would be willing to testify.

37. Ms. Rozell further stated that counsel for the Defendant could not participate, and Brad would be permitted a limited opportunity to cross-examine witnesses himself, with limited advice from his counsel, based upon Stockton's policy limiting lawyer participation.

38. Ms. Rozell also stated that Stockton could present a paper submission in support of the charges in lieu of producing any of the witnesses.

39. At the "hearing" on June 6, 2019, Brad made an oral motion to dismiss all charges, in light of Stockton's clear violation of his federal and state Constitutional due process rights. He also filed a brief and certifications prepared by his counsel.

40. The issues involve both substantive and procedural due process violations, and a conflict of interest claim.

41. The hearing officer accepted Brad's written motion into the record, and ordered Stockton to reply within 30 days.

42. During that response period, Ms. Rozell contacted Brad's counsel, stating that a new hearing date needed to be scheduled.

43. Brad's counsel requested a copy of Stockton's opposition brief (if any), and a written decision addressing the matters raised in the motion.

44. Ms. Rozell instead produced a single page letter from Ellen D. Bailey, Esq., Deputy General Counsel, Stockton University Office of General Counsel.

45. Ms. Bailey's letter simply directed the hearing officer to proceed with the hearing -- it was her opinion that Stockton's policy did not permit dismissal motions.

46. Incredibly, Ms. Rozell convened a hearing on July 29, without giving notice to Brad or his counsel -- when she contacted Brad's counsel that day, she was made aware that no notice had been given, and she then continued the hearing to a future date.

## FIRST COUNT
### Injunctive Relief

47. BRAD incorporates the preceding paragraphs as if fully set forth herein.

48. Stockton is attempting to reverse a prior determination made Brad's favor by Stockton's Title IX coordinator, Alan E. Zellner, Stockton's Deputy Chief Officer for Institutional Diversity and Equity.

49. Stockton University has the obligation to ensure that institutional interests do not interfere with the impartially of its investigation of this or any other Title IX matter -- Amy L. Rozell, Director of Student Rights and Responsibilities, Division of Student Affairs participation in the referral of charges to the Campus Hearing Board was improper, as she was operating under a conflict of interest.

50. Stockton intends to proceed using rescinded Obama-era rules ignoring the Trump Administration's interim and proposed regulations which mandate that schools must employ basic due process protections when conducting these types of hearings.

51. As a direct and proximate result of Stockton's conduct, BRAD has been and continues to be irreparably harmed and damaged.

**WHEREFORE**, BRAD demands judgment against Stockton:

(a) Preliminarily and permanently enjoining Stockton from any further proceedings against Brad related to the allegations by Ms. Daniels before the Campus Hearing Board;

(b) Preliminarily and permanently enjoining Stockton from any further proceedings related to Title IX Campus Hearing Board actions until such time that the University trains and updates University policy consistent with the Trump's administration guidance as provided by the Department of Education on conducting such investigations and hearings;

(c) Preliminarily and permanently enjoining Stockton from taking any action that would result in either the removal of Brad from the University as a matriculating student or a suspension of his status as a student pending final determination of this matter -- thereby prohibiting any negative comment by the University affecting his school record or transcripts.

(d) Granting compensatory damages, counsel fees, prejudgment interest, costs of suit; and

(e) Such other relief as this Court deems just.

Michael R. Mosca, Counselor at Law
A Professional Corporation
6810 Ventnor Avenue
Ventnor City, NJ 08406
(609) 822-3377
Attorneys for Plaintiff Bradari Altman

Dated: August 8, 2019

By: *Michael R. Mosca*
Michael R. Mosca, Esq.

## CERTIFICATION UNDER L. CIV. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                Michael R. Mosca, Counselor at Law
                                                A Professional Corporation
                                                6810 Ventnor Avenue
                                                Ventnor City, NJ 08406
                                                (609) 822-3377
                                                Attorneys for Plaintiff Bradari Altman

Dated: August 8, 2019

                                                By: _____
                                                      Michael R. Mosca, Esq.

## VERICFICATION OF COMPLAINT

I, Bradari P. Altman, declare:

1. I am the Plaintiff in the above action, and am completely familiar with the facts and circumstances surrounding this case.

2. I verify that the foregoing Verified Complaint -- that the facts and allegations therein are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury that the foregoing is true and correct.

Date: August 2, 2019.

                                              */s/ Bradari P. Altman*
                                               Bradari P. Altman

## Certificate of Service

I hereby certify that the foregoing complaint will be served as soon as the summons is available on the following institution Stockton University by certified mail, return receipt requested, and that a courtesy copy will be emailed to Ellen D. Bailey, Esq., Deputy General Counsel Stockton University @ellen.bailey@stockton.edu.

                                    Michael R. Mosca, Counselor at Law
                                    A Professional Corporation
                                    6810 Ventnor Avenue
                                    Ventnor City, NJ 08406
                                    (609) 822-3377
                                    Attorneys for Plaintiff Bradari Altman

Dated: August 8, 2019

                              By: _/s/ Michael R. Mosca_____
                                       Michael R. Mosca, Esq.