```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| BRADARI ALTMAN<br><br>                    Plaintiff,<br>   v.<br><br>STOCKTON UNIVERSITY<br>                    Defendant. | Civil No. 19-16595 (RBK/JS) |

## MAGISTRATE JUDGE SCHNEIDER'S
## STANDING ORDER IN ALL CIVIL CASES

The parties are hereby notified that the following provisions shall be followed in all civil cases pending before Magistrate Judge Schneider.

IT IS this **6th** day of **September, 2019**, hereby **ORDERED**:

1. **Discovery Applications** - All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1).  Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.  All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

2. **Applications for Scheduling Changes** - All applications to change scheduling deadlines shall be made before the expiration of the applicable deadline.  The application shall include a statement indicating whether all parties consent or object.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

3. **Motions to Amend** - Counsel shall comply with amended L. Civ. R. 15.1 which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in-person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleading that indicates in what respect(s) it differs from the pleading it proposes to amend.

1

    4.   **Appearances at Court Conferences** - All attorneys appearing before the Court shall be fully prepared to discuss all applicable substantive, case management and scheduling issues, including settlement.

    5.   **Telephone Conferences** - On occasion the Court schedules telephone conference calls to accommodate the parties' schedules. However, the Court will not participate in a conference call where any participant is driving.

    6.   **Pro Hac Vice Admissions** - All applications for pro hac vice admission shall be presented by formal motion in accordance with the applicable Local Rules of Civil Procedure.

    7.   **Depositions** - All depositions are to be conducted in accordance with the procedures set forth in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

    8.   **Fed. R. Civ. P. 30(b)(6) Depositions** - These depositions shall be conducted and defended in accordance with this Court's decisions in Harris v. New Jersey, 259 F.R.D. 89 (D.N.J. 2007) and Costa v. County of Burlington, 254 F.R.D. 187 (D.N.J. 2008).

    9.   **Answers and Objections to Written Discovery** - Answers and objections shall strictly comply with Fed. R. Civ. P. 34(b)(2)(B) and (C). Further, boilerplate objections will be summarily denied. Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 704 (D.N.J. 2015). Counsel are also reminded of their obligations under Fed. R. Civ. P. 26(g). See id. at 703-707.

    10.  **Fed. R. Civ. P. 34 Document Requests** - Parties are encouraged to serve early document requests pursuant to Fed. R. Civ. P. 26(d)(2) and to meet and confer with opposing counsel about any objections prior to the Rule 16 scheduling conference.

    11.  **Treating Physicians** - If applicable, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, except as stated in Fosamax, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B). See In re Fosamax, 2013 WL 1558690, at *11 (D.N.J. April 10, 2013) (treating

physicians are not required to submit expert reports if they form their opinion on causation or prognosis as part of the ordinary care of a patient). (citation and quotation omitted).

12. **Statements** - The parties shall exchange and produce written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

13. **Videotape Trial Testimony** - In all cases pending before the Honorable Noel L. Hillman, Judge Hillman shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in Fed. R. Civ. P. 32(a)(4).  All requests to use videotaped trial testimony in a case pending before Judge Hillman shall be presented in a filed motion.

14. **Individual Rules and Procedures** - All cases pending before the Honorable Renée Marie Bumb shall be subject to Judge Bumb's "Individual Rules and Procedures."  To the extent this Court's Orders are not consistent with Judge Bumb's Rules and Procedures, Judge Bumb's Order controls.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F<small>ED</small>. R. C<small>IV</small>. P. 16(f).**

                                            s/ Joel Schneider
                                            JOEL SCHNEIDER
                                            United States Magistrate Judge